**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

        **vs.**                                  **Criminal Action 2:17-cr-232
                                                 JUDGE JAMES L. GRAHAM**

**JEREMY D. NIXON**

                          **REPORT AND RECOMMENDATION**

        Defendant Jeremy D. Nixon is charged in an *Indictment* with being
a felon in possession of firearms in violation of 18 U.S.C. § 922(g).
The *Indictment* also contains a forfeiture count by which the United
States seeks to forfeit defendant's interest in three (3) firearms and
associated ammunition. *Indictment*, ECF No. 10. Defendant originally
entered a not guilty plea to the charge. On May 30, 2018, defendant,
accompanied by his counsel, appeared for a change of plea proceeding.[1]
Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a
guilty plea before a Magistrate Judge.  *See United States v. Cukaj,*
2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a
guilty plea with the express consent of the defendant and where no
objection to the report and recommendation is filed).

        During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the
time he entered his guilty plea, defendant was in full possession of
his faculties, was not suffering from any apparent physical or mental
illness, and was not under the influence of narcotics or alcohol.

        Prior to accepting defendant's plea, the undersigned addressed
defendant personally and in open court and determined his competence
to plead.  Based on the observations of the undersigned, defendant

---

[1] The file does not contain a plea agreement. At the change of plea
proceeding, defendant expressly agreed to the forfeiture count in the
*Indictment*.

understands the nature and meaning of the charge in the *Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which was presented orally by the attorney for the United States at the change of plea proceeding. Defendant confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 30, 2018                               *s/ Norah McCann King*
 Date                                      Norah M$^c$Cann King
                                     United States Magistrate Judge