1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

United States of America

    v.                                                      Case No. 2:17-cr-232-1

Jeremy D. Nixon

**OPINION AND ORDER**

On October 15, 2018, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1) and sentenced to a term of ninety-six months incarceration. According to the Bureau of Prisons ("BOP"), Defendant's proposed release date is May 28, 2024. *See* https://www.bop.gov/inmateloc/ (last visited March 31, 2022).

On September 28, 2021, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 46.) Counsel was appointed to represent the defendant. On November 21, 2021, counsel indicated that she did not intend to supplement Defendant's *pro se* motion. (ECF No. 47.) The government did not file a response to Defendant's *pro se* motion. *See* Amended General Order 20-21 (explaining that the government has ten days from the date of Defendant's counsel's notice of intent not to supplement to file a response to Defendant's *pro se* motion).

2

Defendant requests compassionate release due to COVID-19, his related risk factors due to ongoing health issues, and that his father suffers from cancer, heart disease, and constant seizures. Defendant is "confined to a wheelchair and [has] several chronic medical conditions" (Ex. A, ECF No. 46-1 at 115), incarcerated at FCI Allenwood Medium in White Deer, PA, and asks to be placed on home confinement with his father in Columbus, Ohio.

Defendant submits that it would be futile for him to exhaust his administrative remedies, and that exhaustion is subject to equitable exception. (ECF No. 46 at 112.)  For these reasons, Defendant asks the Court to decide whether his request demonstrates an "extraordinary and compelling reason" for release. (*Id.*)

Under § 3582(c)(1)(A), a compassionate release motion may be filed by the Director of the Bureau of Prisons, or it can be filed by the defendant if the defendant has exhausted his administrative remedies or if the defendant presents his request to the warden and receives no response within thirty days. *United States v. Alam,* 960 F.3d 831, 832 (6th Cir. 2020). While the exhaustion requirement is non-jurisdictional, it is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. *Id.* at 833-834; *see also Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017) (finding that mandatory claim-processing rules "must be enforced" if "properly invoked").

Here, the government never responded to Defendant's *pro se* motion, so the waiver or forfeiture exceptions to the mandatory claim-processing rules apply. *Alam,* 960 F.3d at 834.

3

But even without the government's objection to Defendant's failure to exhaust, "[t]his Court's analysis concerning whether a party has satisfied the exhaustion requirement, however, does not end with the Government's waiver of the claim-processing rule." *United States v. Kelly*, No. 2:15-cr-00247, 2020 U.S. Dist. LEXIS 201051, at *4 (S.D. Ohio Oct. 27, 2020). This Court previously determined that under the Sixth Circuit's holding in *United States v. Gaytan-Garza,* 652 F.3d 680 (6th Cir. 2011), it is appropriate for the Court to *sua sponte* invoke the mandatory claims-processing rule due to "the need for firm, normative standards that will promote consistency and predictability for all parties involved, including the court itself" and to achieve the aims of "'implement[ing] an orderly system for reviewing compassionate-release applications' and prevent[ing] 'line jumping' on the part of criminal defendants." *Id.* at *5-6 (quoting *Alam,* 960 F.3d at 834).

For these reasons, Defendant's Motion for Compassionate Release under § 3582(c)(1)(A)(i) (ECF No. 46) is **DENIED WITHOUT PREJUDICE**. Mr. Nixon may renew his motion for compassionate release after he has exhausted his administrative remedies.

Date: April 1, 2022        /s/James L. Graham
                           James L. Graham
                           United States District Judge